UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

Plaintiff,

v.                                CAUSE NO. 3:20-CV-1022-RLM-MGG

TREVOR TIMMONS, et al.,

Defendants.

OPINION AND ORDER

Christopher A. Stanton, a prisoner at Westville Correctional Facility proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must screen the complaint to determine whether it states a claim for relief. 28 U.S.C. § 1915A. "A document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Stanton alleges that on October 23, 2020, he wrote a grievance complaining about certain issues that were bothering him. He attached the grievance to the complaint, and in it he raises concerns about his food trays, his state pay, and the manner in which prison staff responded after he allegedly had a seizure. He further stated: "Either this is addressed A.S.A.P or I'll address it my way and no one will like my way at all because I am highly trained by the U.S. Army on how to hurt someone majorly . . . No one wants to help do anything . . . . So my next course of action is to go crazy and really hurt someone majorly." (ECF 1-1 at 5.) Based on this grievance, Officer Trevor Timmons wrote a conduct report charging Mr. Stanton with "threatening." (Id. at 2.) He was found guilty at a disciplinary hearing. Mr. Stanton alleges that hearing officer Vazquez denied him the

witness statement he requested and wouldn't let him speak, which he believes to be a violation of his due process rights. Based on these events, he sues Officer Timmons, Mrs. Vasquez, and four other prison staff members who were involved with the disciplinary proceeding. He requests monetary damages and injunctive relief that would "give back all good-time deprived from me." (ECF 1 at 5.)

It's apparent from the complaint that Mr. Stanton lost earned-time credits in the disciplinary proceeding, so he can't challenge it in this civil rights action; his remedy is through habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 488 (1973); *see also* Alexander v. Rasmussen, 725 F. App'x 418, 420 (7th Cir. 2018) (observing that prisoner must use habeas corpus to challenge disciplinary proceeding if the sanctions imposed included the loss of good-time credits). Nor can he assert a claim for damages on the ground that his due process rights were violated in the disciplinary hearing, because such a claim would necessarily imply the invalidity of the guilty finding. Edwards v. Balisok, 520 U.S. 641, 645 (1997); Morgan v. Schott, 914 F.3d 1115, 1122 (7th Cir. 2019). To the extent he might be claiming that prison staff mishandled the grievance he submitted that started this chain of events, such an allegation wouldn't give rise to an independent constitutional claim. Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir. 2016). "[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Id.*

This complaint doesn't state a plausible claim for relief. In the interest of justice, the court will allow Mr. Stanton to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim, consistent with the allegations he

has already made. *See* <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018); <u>Luevano v. Wal-Mart</u>, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **<u>May 31, 2021</u>**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 29, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT